UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RODNEY COTTMAN,                                    Case No. 1:15-cv-68

    Plaintiff,                                         Black, J.
                                                   Bowman, M.J.
v.

HORIZON HEALCARE, et al.,

    Defendants.

REPORT AND RECOMMENDATION

On January 29, 2015, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or

arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not

contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Allegations Of Complaint

Plaintiff's complaint identifies five defendants: Horizon Healcare [sic],[1] Ray Snider, Carrie King CEO, Ken Chapman (DON), and Brytha Blomberg (Social Worker). Plaintiff has written nothing at all for his "Statement of Claim," but in the "Relief" section of the form asking him to identify "exactly what you want the court to do for you," he writes in scrawling and difficult to decipher handwriting:

> On July 24, 20110 [sic] defendant being HIV [w]as attact [attacked] by resident Gomar [sic] because of my HIV status[.] defendant has been discriminated against by staff because he's HIV[.] on Jan 24 defendant was denied care because of his HIV status by staff and was not clean for a 12 hr shift and had to call 911 to receive help[.] I would like this Honorable Court pay me [for] right of Hepp [sic] cause and desamention [defamation] of charter [character] and voliation [violation] of confendality [confidentiality] in the sum of 56,800 $ dollars.

(Doc. 1-1 at 2)(punctuation, spelling and grammar verbatim except as noted).

## III. Analysis of Claims

Applying the relevant screening standards, the undersigned recommends that Plaintiff's complaint be dismissed in its entirety for lack of jurisdiction and/or for failure to

---

[1] Plaintiff has completed a USM-285 form that identifies the Defendant's name and address simply as "Horizon, 3889 East Galbraith." The undersigned takes judicial notice that an organization operating under the name of " Horizon Health management" identifies itself as operating a "family owned" nursing home facility at 3889 East Galbraith Road, Cincinnati, Ohio. See www.horizoncincinnati.com (accessed on February 5, 2015).

3

state a claim upon which relief may be granted. At the outset, it must be noted that Plaintiff has failed to identify <u>any</u> jurisdictional basis for his claims. Federal courts are courts of limited jurisdiction; therefore, the undersigned must first consider whether the Court has any subject matter jurisdiction. Based on the identified citizenship of the parties, there does not appear to be any diversity jurisdiction. Additionally, Plaintiff fails to identify any constitutional claim or federal statute which would provide a basis for federal question jurisdiction. *See generally* 28 U.S.C. § 1331 (providing for federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."); *McLaughlin v. Cotner*, 193 F.3d 410 (6th Cir. 1999)(affirming district court's *sua sponte* dismissal of a suit filed *pro se* for lack of subject matter jurisdiction). Because no basis for this Court's jurisdiction was provided by the Plaintiff, the Clerk of Court initially docketed the complaint under the assumption that Plaintiff was alleging some type of violation of his civil rights, pursuant to 42 U.S.C. §1983.

As stated, the "Statement of Claim" section of the complaint form was left blank, leaving the sole allegations to be spelled out in the "Relief" section of the complaint form. In that section, Plaintiff's allegations appear to contain two "claims": (1) that he was attacked by a fellow resident at the rehabilitation facility because of his HIV status; and (2) that he was "denied care" by nursing home staff members over a 12-hour period on the day of the attack. In addition to these two construed claims, his statement implicitly alleges a violation of HIPPA regulations by nursing home staff, to the extent that he seeks an award of monetary damages for "right of Hepp" [sic]. Last, the monetary damages he seeks also appear to be based upon some type of state law claim for defamation of character.

4

None of the construed claims, as expressed or implied, provide this Court with jurisdiction. A civil rights claim brought pursuant to 42 U.S.C. §1983 must satisfy two elements: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(citing *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir.1995) (internal quotation marks and citation omitted)). Here, the only identified defendants appear to be private individuals and/or a private nursing home or rehabilitation facility. The allegations by Plaintiff against the identified Defendants, as set forth in his complaint, clearly fail to assert the deprivation of any of right secured by the Constitution or laws of the United States.[2] At most, the allegations reflect Plaintiff's distress with conditions in the privately run nursing home or rehabilitation facility in which he appears to reside. However, none of the brief allegations – no matter how liberally construed – suggest any constitutional violation by any person acting under color of state law. *Contrast Moore v. Prevo*, 379 Fed. Appx. 425 (6th Cir. 2010)(prisoner had Fourteenth Amendment privacy interest in having his HIV-positive status kept confidential from other inmates).

To the extent that Plaintiff seeks monetary damages for violation of his "right of Hepp" [sic] or HIPPA, this Court lacks jurisdiction because there is no private right of action under HIPPA. *See, e.g., Henry v. Ohio Victims of Crime Compensation Program*, 2007 WL 682427 (S.D. Ohio, Feb. 28, 2007), adopted at 2007 WL 1114888 (S.D. Ohio April 12, 2007). Likewise, any claim for "defamation of character" would lie under state law, and does not state a federal claim.

---

[2]Plaintiff appears to be complaining that he was attacked by a fellow resident, but the identified attacker's name does not appear to match that of any named Defendant.

5

Although courts routinely will construe *pro se* claims liberally, that does not mean that this Courts may invent a new legal theory or cause of action not suggested by the *pro se* litigant, particularly in a case like this - where the allegations are so spare, and the jurisdictional basis so unclear. Another court recently summarized the case law in this regard:

> Pro se litigants…are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989); *see also Brown v. Matauszak,* 415 Fed.Appx. 608, 613 (6th Cir.2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); *Payne v. Sec'y of Treas.,* 73 Fed.Appx. 836, 837 (6th Cir.2003) (affirming sua sponte dismissal of complaint pursuant to Fed.R.Civ.P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford,* 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson,* 423 Fed.Appx. 506, 510 (6th Cir.2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

*Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 767-68 (W.D. Tenn. 2013).

Here, the Plaintiff has not offered any basis for federal jurisdiction, and his brief allegations are not reasonably construed as stating any cognizable federal claim. Aside from §1983, HIPPA, or defamation, the only other possible basis for federal question jurisdiction that this Court can conceive of would be the Americans With Disabilities Act.[3] In addition to forbidding employment discrimination and discrimination by public entities, the ADA forbids discrimination based upon disability in places of public

---

[3] Arguably, this Court's re-imagining Plaintiff's claim under the ADA skirts close to, if not over, the demarcation line between a neutral judicial role and the role of an advocate.

accommodation, including "services, facilities, privileges, advantages, or accommodations of any place of public accommodation." The ADA's public accommodation provision can encompass discrimination in the provision of health services, and HIV positive status can qualify as a "disability" under the ADA. *See Bragdon v. Abbott*, 524 U.S. 624 (1998). However, such claims are subject to a two-year statute of limitations in Ohio. Plaintiff alleges that the events of which he complains occurred on "July 24 20110" [sic] which the undersigned can only assume was meant to refer to either 2010 or 2011. Thus, any possible ADA claim[4] would be barred by the applicable statute of limitations. *See McCormick v. Miami University*, 693 F.3d 654 (6th Cir. 2012).

### IV. Conclusion and Recommendation

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e).

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

---

[4] The undersigned expresses no view on whether the alleged denial of care and/or failure to clean Plaintiff for a 12-hour period following the alleged attack could otherwise state a claim of discrimination under the public accommodations provision of the ADA.

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RODNEY COTTMAN,            Case No. 1:15-cv-68

    Plaintiff,                              Black, J.
                                                  Bowman, M.J.
   v.

HORIZON HEALCARE, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                                                       *s/ Stephanie K. Bowman*
                                                       Stephanie K. Bowman
                                                       United States Magistrate Judge